IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE STARR, *individually and on behalf of all other similarly situated*,<br><br>        Plaintiff,<br><br>    vs.<br><br>SCHENKER, INC. and SCHENKER LOGISTICS, INC.,<br><br>        Defendants. | Case No. 14-cv-402-SMY-PMF |

**ORDER APPROVING
FLSA COLLECTIVE ACTION SETTLEMENT AND
<u>PRELIMINARILY APPROVING RULE 23 CLASS SETTLEMENT</u>**

Before the Court is Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement and Preliminary Approval of Rule 23 Class Settlement (hereinafter the "Motion") (Doc. 45) and supporting memorandum. Having fully and carefully reviewed the Motion and supporting memorandum, the proposed Settlement Agreement and Release of Claims ("Settlement Agreement"), the proposed Notice of Class Action Settlement ("Notice"), and the Notice Plan, the Court finds that the Settlement Agreement was negotiated at arm's length by the parties and is a fair, reasonable, and adequate resolution of a bona fide dispute in contested litigation. Therefore, the Motion is GRANTED.  Accordingly, the Court ORDERS that:

    1.    The settlement of the FLSA collective action is approved as a fair, reasonable, and adequate resolution of a bona fide dispute in this contested litigation. The settlement of the Rule 23 class is preliminarily approved as a fair,

reasonable, and adequate resolution of the Rule 23 claims, pending notice to the class and an opportunity to be heard at the final fairness hearing;

2. The Court approves, as to form and content, for dissemination and distribution in accordance with the Settlement Agreement, the Notice, as well as the Notice Plan, as reasonable notice practicable under the circumstances and in full compliance with applicable law;

3. Pursuant to the terms of the Settlement Agreement, the Court's approval of the FLSA collective action settlement is contingent upon the Court's final approval of the Rule 23 settlement;

4. Each Rule 23 Class Member shall have the opportunity to opt-out or object to the Rule 23 settlement, object to Plaintiffs' counsel's application for fees and costs, object to the proposed service awards to certain Plaintiffs, and to participate at the final approval hearing.

5. The final approval hearing is set for April 22, 2015, at 1:30 p.m. at the Benton Courthouse.

Finally, after review of the documents and law, the Court finds that the Motion for Approval of FLSA Collective Action and Preliminary Approval of Rule 23 Class Action Settlement should no longer remain under seal. The Seventh Circuit disfavors requests to seal documents noting that "[w]hat happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "[B]oth judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions – one full version containing all

details, and another redacted version with confidential information omitted." *Id*. Plaintiff points to *Swarthout v. Ryla Teleservices, Inc.*, 4:11-cv-PRC, 2012 WL 5361756 (N.D. Ind. Oct. 30, 2012), in support of maintaining the seal on the documents. In *Swarthout* the court ordered the settlement agreement remain under seal because "assuring confidentiality of the settlement was a key and material term" of the parties' agreement. *Id*. at *4. Here, pursuant to the parties' Settlement Agreement, the parties have agreed to keep confidential "the amount of the Maximum Gross Settlement Amount and the specific amount each Named Plaintiff, Opt-In Plaintiff and Rule 23 Settlement Class Member is entitled to receive" (Doc. 45-1, p. 17). Maintaining the entire Settlement Agreement confidential, however, is not a key and material term of that agreement.

As such, the Court **ORDERS** as follows:

a. Plaintiff's unredacted Unopposed Motion for Approval of FLSA Collective Action Settlement and Preliminary Approval of Rule 23 Class Settlement (Doc. 45) **REMAIN UNDER SEAL** and that Plaintiff **FILE** a redacted Motion with any reference to "the amount of the Maximum Gross Settlement Amount and the specific amount each Named Plaintiff, Opt-In Plaintiff and Rule 23 Settlement Class Member is entitled to receive" redacted **on or before January 30, 2015**;

b. Plaintiff's unredacted Exhibit 1 – Part 1 – Confidential Joint Stipulation and Settlement Agreement (Docs. 45-1) **REMAIN UNDER SEAL** and that Plaintiff **FILE** a redacted Exhibit 1 – Part 1 - Confidential Joint

Stipulation and Settlement Agreement with any reference to "the amount of the Maximum Gross Settlement Amount and the specific amount each Named Plaintiff, Opt-In Plaintiff and Rule 23 Settlement Class Member is entitled to receive" redacted **on or before January 30, 2015**;

c. The Clerk of Court **UNSEAL** Plaintiff's Exhibit 1 – Part 2 (Doc. 45-2); and

d. Exhibit 2 – the unredacted Declaration of Mark Potashnick (Doc. 45-3) **REMAIN UNDER SEAL** and that Plaintiff **FILE** a redacted Declaration with any reference to "the amount of the Maximum Gross Settlement Amount and the specific amount each Named Plaintiff, Opt-In Plaintiff and Rule 23 Settlement Class Member is entitled to receive" redacted **on or before January 30, 2015**.

**IT IS SO ORDERED.**

**DATED:** January 22, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
